

FILED
FEBRUARY 13, 2009
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ARLANDIS TERREL PAIGE, <br> a/k/a Arlandis Terrill Paige, <br><br> Petitioner, <br><br> v. <br><br> NATHANIEL QUARTERMAN, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | 2:07-CV-0062 |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, a state prisoner confined at the Clements Unit, has filed a petition for a federal writ of habeas corpus challenging a July 19, 2006 prison disciplinary proceeding which took place at the Eastham Unit and resulted in a loss of 365 days previously accrued good time credits. It is the RECOMMENDATION of the undersigned United States Magistrate Judge that petitioner's federal habeas application be DENIED.

## I.
## PROCEDURAL HISTORY

Petitioner appears to be in respondent's custody pursuant to five (5) convictions and sentences. Four (4) of the convictions are out of the 16th Judicial District Court of Denton County, Texas:

    Robbery            October 2, 1989         99-year sentence

Petitioner's 99-year sentence was credited 53 days and began on August 10, 1989.

| | | |
|---|---|---|
| Robbery | January 5, 1990 | 40-year sentence |
| Forgery | January 5, 1990 | 40-year sentence |
| Forgery | January 5, 1990 | 40-year sentence |

Petitioner's 40-year sentences were ordered to run consecutively to petitioner's 99-year sentence.

Petitioner's last conviction is out of the 195th Judicial District Court of Dallas County, Texas:

| | | |
|---|---|---|
| Theft of property $20,000 or more | January 24, 1990 | 20-year sentence |

Petitioner's 20-year sentence commenced on January 19, 1990 after being credited with five (5) days and was ordered to run concurrently with any other sentences.

On July 5, 2006, petitioner was charged, in Cause No. 20060316194, with a prison disciplinary offense for possession of narcotics, marijuana or unauthorized drugs (Code 12.0). On July 19, 2006, a Hearing Officer conducted a prison disciplinary proceeding on the charges. Petitioner was present at the hearing and asserted he was not guilty of the charged offense. At the conclusion of the hearing, the Hearing Officer found petitioner guilty of the charged offense based on the officer's report and testimony, and assessed punishment of the forfeiture of 365 days previously accrued good time credits.[1]

On July 31, 2006, petitioner filed a Step 1 grievance challenging the disciplinary proceeding finding of guilt. On August 14, 2006, the Assistant Warden denied petitioner's grievance, finding there was sufficient evidence presented at the hearing to support the finding of guilt and the penalty imposed and that there were no significant due process or apparent procedural errors. On August 15,

---

[1] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

2006, petitioner sought further review of his disciplinary conviction by filing a Step 2 grievance. On September 7, 2006, petitioner's Step 2 grievance was denied.[2]

On January 23, 2007,[3] petitioner filed the instant federal habeas corpus application with the United States District Court for the Southern District of Texas, Houston Division. On March 26, 2007, the Houston Court transferred petitioner's habeas application to this Court, such application being filed of record on April 2, 2007. By his habeas application, petitioner contends his disciplinary conviction is not supported by the evidence because the record does not reflect the Hearing Officer "relied on any lab result," and complains of respondent's failure to follow an unidentified controlled substance testing procedure.[4] On June 13, 2007, respondent filed an answer with this Court arguing petitioner's claims fail to state a claim for which federal habeas relief can be granted. On June 26, 2007, petitioner filed a reply in opposition to respondent's answer.

II.
ELIGIBILITY FOR MANDATORY SUPERVISED RELEASE

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). At the time petitioner committed

---

[2] On September 1, 2006, after the filing of his Step 2 grievance but prior to its resolution, petitioner was granted parole on his 99-year robbery sentence (the October 2, 1989 conviction).

[3] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a prisoner's *pro se* federal habeas petition is deemed filed when the inmate delivers the papers to prison authorities for mailing).

[4] Although the undersigned does not reach the merits of petitioner's grounds, it is noted that a violation of TDCJ-CID policy does not amount to a violation of a constitutionally protected due process right required for federal habeas corpus relief. Further, petitioner has not identified applicable authority requiring TDCJ-CID personnel conducting a lab or field test to follow a certain evidentiary procedure or indicated in what manner he believes personnel failed to comply with such a procedure. In his grievances, petitioner argued that a field test must be conducted by persons certified by the National Institute on Drug Abuse as required by Administrative Directive 3.21. The AD cited is not applicable in this case, and petitioner cites to no other policy that requires certification for a person conducting a field test. Petitioner's claims are without merit.

the disciplinary offense (July 5, 2006) and at the time of the disciplinary action (July 19, 2006), petitioner was confined and was in respondent's custody pursuant to his 1989 conviction for the felony offense of robbery and his 1990 conviction for theft of property.[5] An inmate serving a sentence for theft is eligible for release to mandatory supervision. At the time petitioner committed this first robbery offense (August 10, 1989), however, an inmate serving a sentence for robbery was not eligible to be released to mandatory supervision. *See* Tex. Crim. Proc. art. 42.18 § 8(c)(10) (Vernon 1989). Consequently, at the time of his disciplinary offense, petitioner was eligible for release to mandatory supervision on his theft conviction/sentence, but was not eligible for release to mandatory supervision on his conviction/sentence for robbery. Since petitioner will continue to be confined on the non-mandatory eligible 99-year robbery sentence after any possible "release"[6] to mandatory supervision on the eligible 20-year theft sentence, reinstatement of any good time credits forfeited as a result of the disciplinary proceeding will not affect the duration of petitioner's confinement. This remains true if petitioner is now serving his 40-year sentence for his second robbery conviction. Although petitioner is eligible for mandatory supervised release on his forgery convictions, any "release" to mandatory supervision on those 40-year sentences would not affect the duration of petitioner's confinement since he would continue to be confined on the mandatory supervision-ineligible 40-year robbery sentence. Consequently, petitioner did not have a liberty interest in his good time credits at the time of his disciplinary proceeding as is required for habeas

---

[5]Petitioner continues to be in respondent's custody for the 1989 robbery conviction and 99-year sentence, although serving his sentence on parole, as well as the 1990 theft conviction and 20-year sentence. Petitioner's one-page Commitment Inquiry dated April 12, 2007 provided by respondent does not reflect that petitioner is currently serving his 40-year sentences for robbery and forgery despite his September 1, 2006 grant of parole on his 99-year robbery sentence. However, when the 203 days back time credited to petitioner's 40-year sentences in the judgments is subtracted from petitioner's September 1, 2006 parole date on his 99-year sentence, one arrives at February 10, 2006 which, when petitioner's 40-year sentence is added thereto, equals February 10, 2046, petitioner's projected release date. The online Offender Information Detail reflects all of petitioner's convictions and sentences under "current offense data," and a parole eligibility date of February 20, 2016.

[6]The Court notes any "release" to mandatory supervision would be clerical only and would not result in petitioner's actual release from confinement.

corpus relief. Therefore, petitioner fails to state a claim for which federal habeas relief can be granted and his federal habeas application should be denied.

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner ARLANDIS TERREL PAIGE a/k/a Arlandis Terrill Paige be DENIED.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 13th day of February 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).